10-5009-ag
Chen v. Holder

BIA
Chew, IJ
A078 691 807

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

Hong Chen,
> *Petitioner,*

> v.                                    10-5009-ag
>                                       NAC

Eric H. Holder, Jr., Attorney
General of the United States,
Immigration & Naturalization
Service,
> *Respondents.*

_____

FOR PETITIONER:       Hong Chen, *pro se*, New York, New York.

FOR RESPONDENTS:      Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Hong Chen, a native and citizen of the People's Republic of China, seeks review of a November 23, 2010, decision of the BIA affirming the November 13, 2008, decision of immigration judge ("IJ") George T. Chew, which pretermitted his application for asylum and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hong Chen*, No. A078 691 807 (B.I.A. Nov. 23, 2010), *aff'g* No. A078 691 807 (Immig. Ct. N.Y. City Nov. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

**A.  Asylum**

We lack jurisdiction to review the IJ's decision insofar as it pretermitted Chen's untimely asylum application because he does not present a constitutional claim or question of law with respect to that determination. *See* 8 U.S.C. § 1158(a)(3); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006). Accordingly, we dismiss Chen's petition for review to this extent. *See Xiao Ji Chen*, 471 F.3d at 329. However, we may review the agency's denial of withholding of removal and CAT relief. *See id.* at 332-33.

**B.  Withholding of Removal and CAT**

For applications like Chen's that are governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding upon an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1229a(c)(4)(C). Here, the agency's adverse credibility determination is supported by substantial evidence.

In finding Chen not credible, the agency reasonably relied on the fact that Chen provided inconsistent testimony about whether he had previously sought to come to the United States. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). During his hearing, Chen testified that, aside from leaving China in September 2002 due to problems he encountered while practicing Falun Gong, he had never wanted to leave China at any other time, for any other reason. After Chen was presented with photographs of his former fiancée, however, he admitted that he had applied for a fiancé visa in 2001. Nevertheless, he continued to maintain that he had no intention of coming to the United States. Because the IJ was entitled to rely on "any inaccuracies or falsehoods" in Chen's testimony "without regard to whether [the] inconsistency, inaccuracy, or falsehood [went] to the heart of [his] claim," 8 U.S.C. § 1229a(c)(4)(C), the agency did not err in finding him not credible based on this inconsistent testimony.

Having found Chen's testimony not credible, the agency reasonably noted that his failure to provide corroboration of his claim further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per

4

curiam); *Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006). The IJ found that Chen failed to provide corroboration or documentation with respect to his heart condition, which Chen testified had prompted him to join Falun Gong as an alternative to unsuccessful attempts at medical treatment. Chen initially stated that he had proof of his heart condition in China, but, when asked why he did not submit that proof, he testified that he had not kept it because the events occurred many years ago. The IJ considered this explanation and did not err in finding it insufficient, particularly given that Chen did not explain why he changed his answer about whether he had medical evidence in China or demonstrate any efforts to obtain medical evidence. *See Biao Yang*, 496 F.3d at 273; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, we defer to the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Finally, Chen argues that he qualifies for asylum and withholding of removal based on his fear that Chinese authorities will sterilize him because he intends to have

5

two or more children.  We decline to consider this issue because, as the Government notes, Chen did not raise this issue before the agency.  *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
